UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Jennifer Lynn Mansel,** : | |
| : | |
| **Plaintiff,** : | **Civil Action No.** |
| : | |
| v. : | |
| : | |
| **TransUnion, LLC, Experian Information** : | |
| **Solutions, Inc., Equifax Information** : | |
| **Services, LLC, and Bank of America,** : | |
| **N.A.,** : | |
| : | |
| **Defendants.** : | |
| : | |

## COMPLAINT AND JURY DEMAND

### Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendants (named below) for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA").

### Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, and 28 U.S.C. §1331, 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### Parties

4. Plaintiff Jennifer Lynn Mansel is an adult individual who resides in Cumming, GA.

5. Defendant TransUnion, LLC ("TU") is a business entity that is registered to do business in the Commonwealth of Pennsylvania and regularly conducts business in the Eastern District of Pennsylvania, with principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6. Defendant Experian Information Solutions, Inc ("EX") is a business entity that is registered to do business in the Commonwealth of Pennsylvania and regularly conducts business in the Eastern District of Pennsylvania, with principal place of business located at 701 Experian Pkwy, Allen, TX 75013.

7. Defendant Equifax Information Services, LLC ("EQ") is a business entity that is registered in this Commonwealth and regularly conducts business in the Eastern District of Pennsylvania, with a principal place of business located at 1550 Peachtree Street, N.W., Atlanta, GA 30309. At times TU, EX and EQ are collectively referred to as the "Credit Reporting Agency Defendants" or the "CRA Defendants".

8. Defendant Bank of America, N.A. ("BANA") is a business entity that is registered to do business in the Commonwealth of Pennsylvania and regularly conducts business in the Eastern District of Pennsylvania, with principal place of business located at 100 North Tryon Street, Charlotte, NC 28255.

## Facts

9. Defendants have repeatedly reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

10. The inaccurate information includes but is not limited to a tradeline reported by BANA which was then reported by the CRA Defendants.

11. The information being reported is inaccurate because, among other reasons, Plaintiff had agreed to a consent judgement with BANA (the "Payment Agreement" or "Agreement"). Pursuant to the Agreement, Plaintiff is required to make a payment of $208 on or before the 22nd of each month beginning on November 2024. To date, Plaintiff had made a payment

on or before the 22nd of each month since November 2024 until present. The account is reported inaccurately by the Defendants as there is no credit reporting reflecting the existence of the Agreement; Defendants fail to reflect the monthly payments by Plaintiff; and TU fails to report that the BANA account was disputed by Plaintiff.

12. In or about June 2025, Plaintiff disputed the inaccurate information with the CRA Defendants. The CRA Defendants were then supposed to (and presumably) sent Plaintiffs' disputes to BANA. None of the CRA Defendants' investigations resulted in the correction of the disputed information.

13. By letter dated January 19, 2026, Plaintiff again disputed the inaccurate information with the Defendants. Plaintiff's dispute included a detailed letter explaining why the information being reported was inaccurate, false and misleading. The dispute letter also included a copy of Plaintiff's driver's license, social security card, a copy of the Payment Agreement and proof of payments made pursuant to the Payment Agreement.

14. The CRA Defendants again failed to correct the reporting of the BANA account by failing to reflect that Plaintiff has a Payment Agreement in place for the BANA account, failing to report all her timely payments pursuant to her Payment Agreement beginning with November 2024. Additionally, Defendant TU fails to report that the BANA account was disputed by Plaintiff.

15. Defendants either did not engage in any investigation when they were informed of the inaccurate reporting, or (alternatively) did not engage in a reasonable investigation, as such an investigation would have revealed that the inaccurate information was false and misleading.

16. Defendants also failed to institute or adhere to policies and procedures that could have prevented the reporting of the inaccurate information.

17. Defendants knew or should have known that their actions violated the FCRA.

Additionally, Defendants could have taken the steps necessary to bring their agents' actions within compliance of the statutes but neglected to do so and failed to adequately review those actions to ensure compliance with said laws.

18. Plaintiff's credit report and file have been obtained from the CRA Defendants and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers, and opportunities, known and unknown. Plaintiff's credit reports have been obtained from the CRA Defendants by such third parties. Plaintiff has also suffered increased interest rates, reduced opportunities for financing, and increased insurance premiums as a substantial result of Defendants reporting of the inaccurate information.

19. Because of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit score reduction, informational harm, privacy harm, credit defamation and emotional distress, including, but not limited to, anxiety, frustration, embarrassment, and humiliation.

20. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

21. At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of Plaintiff.

### Count One – Violations of the FCRA
### Plaintiff v. TU, EX and EQ

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, TU, EX and EQ are each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

24. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. The Defendants have violated numerous provisions of the FCRA for their improper actions, including but not limited to Sections 1681e(b) and 1681i(a) of the FCRA. Defendants willfully and negligently violated the FCRA and are liable for damages to Plaintiff pursuant to Section 1681n and 1681o of the FCRA.

27. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### Count Two – Violations of the FCRA
### Plaintiff v. BANA

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. At all times pertinent hereto, BANA is a "person" as that term is defined by 15 U.S.C. § 1681a(b).

30. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

31. BANA violated Section 1681s-2(b) of the FCRA by engaging in the following

conduct:

    a. willfully and negligently failing to conduct a reasonable investigation of the inaccurate information that Plaintiff disputed;

    b. willfully and negligently failing to review all relevant information concerning Plaintiff's inaccurately reported trade line;

    c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

    d. willfully and negligently failing to report the accurate status of the inaccurate information to all credit reporting agencies;

    e. willfully and negligently failing to provide all credit reporting agencies with the factual information and evidence that Plaintiff provided to BANA;

    f. willfully and negligently continuing to furnish and disseminate inaccurate, unlawful and derogatory credit account and other information concerning Plaintiff to credit reporting agencies and other entities; and

    g. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

32. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o BANA is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a furnisher of information for violating Section 1681s-2(b).

33. The conduct of BANA was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above. As a result, Defendant is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such

further relief, as may be permitted by law.

## JURY TRIAL DEMAND

34. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorneys' fees; and

e. Such other relief as may be necessary, just and proper.

**THE KIM LAW FIRM, LLC**

BY: */s/ Richard H. Kim*
Richard Kim, Esquire
1515 Market St., Suite 1200
Philadelphia, PA 19102
Ph. 855-996-6342/Fax 855-235-5855
rkim@thekimlawfirmllc.com

*Attorney for Plaintiff Jennifer Lynn Mansel*

Date: March 6, 2026