IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jennifer Lynn Mansel,<br><br>           Plaintiff,<br><br>     v.<br><br>TransUnion, LLC, Experian Information Solutions, Inc., Equifax Information Services, LLC, and Bank of America, N.A.,<br><br>           Defendants. | Case No. 2:26-cv-01464 |

**<u>JOINT STATUS REPORT PURSUANT TO RULE 26(f)</u>**

Plaintiff Jennifer Lynn Mansel and Defendants, by their attorneys and pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Notice dated June 5, 2026 (ECF No. 24), hereby file their Joint Status Report.

**Basis of Jurisdiction:** The Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

**Jury Trial:** __X__  **Non-Jury Trial:** ____  **Arbitration:** ____

1.    **Plaintiff's brief factual summation of the case and claims:**

Plaintiff alleges violations of the Fair Credit Reporting Act against Defendants TransUnion, LLC ("TU"), Equifax Information Services, LLC ("EQ"), Experian Information Solutions, Inc. ("EX") and Bank of America, N.A. ("BANA") for inaccurately reporting Plaintiff's BANA account. [1]  The BANA account was inaccurately reported because, among other reasons, Plaintiff had agreed to a consent judgement with BANA (the "Payment Agreement"). Pursuant to

---

[1]    Plaintiff has resolved this matter with TU and EQ.  Both TU and EQ have been dismissed from the case.

the Payment Agreement, Plaintiff is required to make a payment of $208 on or before the 22nd of each month beginning November 2024. To date, Plaintiff had made a payment on or before the 22nd of each month since November 2024 until present. The account was reported inaccurately by the Defendants as there was no credit reporting reflecting the existence of the Payment Agreement, and Defendants failed to report the monthly payments by Plaintiff.

Plaintiff disputed the inaccurate reporting with the Defendants various times. The Defendants failed to correct the inaccurately reported BANA account.

**2.      Defendants' brief factual summation of the case and claims:**

This is an action for damages brought by an individual consumer against Experian, a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) for violations of the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq*. ("FCRA").  Defendant Experian denies that it failed to comply with the requirements set forth under the FCRA, denies that it is liable to Plaintiff, and denies that Plaintiff suffered damages as a result of any alleged wrongful action or inaction of Experian. The FCRA does not require Experian to report the existence of a settlement agreement between a consumer and their creditor before that settlement agreement has been paid in full. Discovery has not yet begun, and Experian bases this statement on the facts and information currently available to it and reserves the right to supplement this summary as this case and the facts develop. Experian readopts and realleges its affirmative defenses from the Answer and Affirmative Defenses filed in response to Plaintiff's Complaint as if fully set forth herein.

In short, BANA denies that it violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., ("FCRA"); failed to conduct a reasonable investigation of Plaintiff's disputes; and furnished inaccurate information regarding Plaintiff.  BANA further denies Plaintiff suffered damages because of BANA's actions, and that Plaintiff can recover any relief sought in the Complaint.

**3.      Plaintiff's counsel participating in the Rule 16 Conference:**

For Plaintiff: Richard Kim, Esquire

**4.     Defendants' counsel participating in Rule 16 Conference:**

For Experian: Mohammad Ghiasuddin, Esquire

For BANA: Gregory E. Dapper, Esquire

**5.     When did the parties hold the Rule 26 Conference?**

June 29, 2026.

**6.     When did the parties comply with Rule 26(a)'s duty of self-executing disclosure?**

Plaintiff served initial disclosures on EQ and TU on March 9, 2026, and on EX and BANA on March 10, 2026. Experian will serve its initial disclosures on or before July 2, 2026.  BANA will serve its initial disclosures on or before July 2, 2026.

**7.     Plan for Discovery:**

**A.  The parties anticipate that discovery should be completed within <u>90</u> days.**

**B.  If you contend the discovery period should exceed 90 days, please explain:**

N/A.

**C.  Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)?**

The parties have discussed these issues and agree that documents and communications protected by the attorney-client privilege or work-product doctrine that are dated on or after the earlier of the date counsel was retained in this action need not be included on a privilege log.

**D.  Identify any other discovery issues that should be addressed at the Rule 16 Conference, including limitations on discovery, protective orders needed, or other elements which should be included in a particularized discovery plan:**

The parties agree that there may be a need for a protective order. If the parties agree to the language of a protective order, the parties will submit an order to the Court for approval and entry.

**E. Does either side anticipate the use of experts?**

Plaintiff: Not at this time, but reserves the right to submit rebuttal reports to any submissions by Defendants

Defendants Experian and BANA:  Experian and BANA's investigation into Plaintiff's claims is ongoing. At this stage, Experian and BANA have not yet determined whether each will retain any expert witness(es). Nonetheless, both BANA and Experian reserve the right to do so at a later time, including for the purpose of rebutting expert testimony or reports of other parties, including Plaintiff.

**If yes, what is the proposed deadline for expert discovery?**

Plaintiff: Thirty days for serving a rebuttal report following the service of any expert report by Defendants.

Defendants Experian and BANA propose the following deadlines:  Plaintiff's designation of experts – November 13, 2026.  Defendant / Responsive designation of experts: December 14, 2026. Close of expert discovery: January 14, 2027.

8.      **Proposed deadline for filing dispositive motions:**

The parties propose a deadline for filing dispositive motions and/or *Daubert* motions that is at least 30 days following the close of discovery, including expert discovery, and that any party opposing a dispositive motion shall have 30 days to file an opposition.

9.      **Approximate date case should be trial-ready:**

The parties agree that the case should be ready for trial 90 days after the Court's ruling on any dispositive motions.  If no dispositive motions are filed, the parties agree that the case should be ready for trial 90 days after the close of discovery.

**Time for Plaintiff's Case:** 3 days approximately, depending on the information produced

in discovery.

**Time for Defendants' Case:**

10.    **Does your client consent to proceeding before a Magistrate Judge for final disposition?**

Plaintiff consents to the proceeding being before a Magistrate Judge for final disposition.

Experian does not consent to the proceeding before a Magistrate Judge for final disposition.

BANA does not consent to the proceeding before a Magistrate Judge for final disposition.

11.    **Is a settlement conference likely to be helpful?**

**Yes  x          No  _____**

**If so, when: Early  ____    After Discovery  x**

 

**THE KIM LAW FIRM, LLC**

BY:    */s/ Richard H. Kim*
       Richard Kim, Esquire
       1515 Market St., Suite 1200
       Philadelphia, PA 19102
       Ph. 855-996-6342/Fax 855-235-5855
       rkim@thekimlawfirmllc.com

       *Attorney for Plaintiff Jennifer Lynn Mansel*

**MARGOLIS EDELSTEIN**

BY:    */s/ Mohammad A. Ghiasuddin*
       Mohammad A. Ghiasuddin, Esquire
       The Curtis Center, Suite 400 E
       170 S. Independence Mall, W.
       Philadelphia, PA 19106
       Ph. 215-931-5802/Fax 215-922-1772
       mghiasuddin@margolisedelstein.com

       *Attorney for Defendant Experian Information*

*Solutions, Inc.*

**MCGUIREWOODS LLP**

BY:    */s/ Gregory E. Dapper*
       Gregory E. Dapper, Esquire
       260 Forbes Avenue, Suite 1800
       Pittsburgh, PA 15222
       Ph. 412-667-7984
       gdapper@mcguirewoods.com

       */s/ Blaec C. Croft*
       Blaec C. Croft, Esquire
       260 Forbes Avenue, Suite 1800
       Pittsburgh, PA 15222
       Ph. 412-667-6057
       bcroft@mcguirewoods.com

       *Attorneys for Defendant Bank of America, N.A.*


Date submitted to the Court:         July 2, 2026 (via ECF and e-mail)